**Habib Mohammed HASNAT,**
**Petitioner,**

v.

**IMMIGRATION AND**
**NATURALIZATION SERVICE,**
**Respondent.**

No. 00–71416.
I & NS No. A70–553–174.

United States Court of Appeals,
Ninth Circuit.

Submitted * Jan. 15, 2002.

Decided March 4, 2002.

---

* The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, CUDAHY ** and McKEOWN, Circuit Judges.

MEMORANDUM ***

Habib Mohammed Hasnat, a native and citizen of Bangladesh and member of the Jatiyo Political Party, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying his request for asylum and withholding of deportation. We grant the petition for review and remand to the BIA for further consideration.

We review the BIA's factual findings under the substantial evidence standard. The findings must be supported by reasonable, substantial, and probative evidence in the record considered as a whole. *Agbuya v. INS*, 241 F.3d 1224, 1229 (9th Cir.2001). We will reverse if the evidence is such that a reasonable factfinder would have to conclude that petitioner has met the requisite standard of a grant of asylum. *Id.* When, as in this case, the BIA has conducted an independent review of the record, we review its decision rather than that of the immigration judge ("IJ"). *Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir.1995).

The BIA concluded that petitioner was not the victim of persecution in Bangladesh because "[t]he incidents of harm which the respondent described do not, in our view, rise to a level of seriousness to constitute persecution." We disagree because the BIA's findings that "petitioner did not suffer any serious or lasting physical injuries" and that "these incidents did not result in any serious harm or deprivation" are not supported by reasonable, substantial, and probative evidence in the record considered as a whole.

Because neither the IJ nor the BIA expressly made credibility findings, this court must accept Hasnat's testimony as true. *Lim v. INS*, 224 F.3d 929, 933 (9th Cir.2000). In this case, petitioner testified that opposition party members threatened him, vandalized his workplace, detained him without injury once and beat him to the point of hospitalization twice. Petitioner further testified that he has a scar on one hand and has lost a tooth as a result of the beatings. *See Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997) (defining "[p]ersecution" as "infliction of suffer-

---

** The Honorable Richard D. Cudahy, Senior Circuit Judge for the Seventh Circuit Court of Appeals, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ing or harm upon those who differ ... in a way regarded as offensive") (internal quotation marks and citations omitted). "[W]e have consistently found persecution where ... the petitioner was physically harmed." *Duarte de Guinac v. INS*, 179 F.3d 1156, 1161 (9th Cir.1999). In sum, the evidence when considered as a whole, is such that a reasonable factfinder would have to conclude that petitioner was subject to repeated physical harm and harassment and was, therefore, persecuted. *See Korablina v. INS*, 158 F.3d 1038, 1044 (9th Cir.1998) (noting that "[t]he key question is whether, looking at the cumulative effect of all the incidents a petitioner has suffered, the treatment she received rises to the level of persecution").

Because the BIA did not find past persecution, it did not reach the issue of whether the IJ correctly determined that petitioner's persecution was not on account of a protected ground. *See* 8 U.S.C. § 1101(a)(42)(A).

We review the decision of the BIA, and may not rely upon the merits of the IJ's decision except to the extent that it is expressly adopted by the BIA. *See Shoafera v. INS*, 228 F.3d 1070, 1073 (9th Cir. 2000); *see also Castillo*, 951 F.2d at 1120–21 (stating that our review of the IJ's decision would deprive the BIA of its ability to conduct de novo review). Consequently, we vacate the BIA decision and remand to the BIA to determine whether petitioner was persecuted on account of his political opinion.

The petition for review is GRANTED and the case is REMANDED for further consideration.